```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                Plaintiff,              REPORT AND RECOMMENDATION
                                        13-CV-1108 (NGG)(LB)
        -against-

ALAN M. McLAUGHLIN A/K/A
ALAN McLAUGHLIN, NEW YORK
ENVIRONMENTAL CONTROL BOARD,
BOARD OF MANAGERS OF HORIZON
VILLAGE CONDOMINIUM 3,
ROBERT HOPKINS and ADELLA HOPKINS,

                Defendants.
------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

By Order dated February 18, 2014, the Honorable Nicholas G. Garaufis adopted my Report and Recommendation dated December 20, 2013 and granted summary judgment to plaintiff in this diversity mortgage foreclosure action. See ECF No. 29. Judge Garaufis directed plaintiff to file a detailed calculation of the amount alleged to be owed by defendant Alan McLaughlin, and advised defendant that he could dispute plaintiff's calculations. Id. On March 14, 2014, plaintiff submitted an affidavit and supporting documents setting forth the amount defendant allegedly owes on the subject loan. ECF No. 32. By letter dated April 3, 2014, defendant confirmed that he "require[s] no further information to verify the amount owed." ECF No. 36.

Defendant asserts, however, that plaintiff's calculations of the amount owed on the loan are flawed insofar as they apply the wrong interest rate. Specifically, defendant argues that, while "the contractual default rate [of 24%] governed until summary judgment was granted, at [that] point the statutory interest rate of 9% controls . . . ." Id. Plaintiff responded in an April

1

15, 2014 letter, stating that the terms of the parties' mortgage agreement clearly provide that the default rate would continue to apply even after a judgment is entered in favor of plaintiff, notwithstanding the "generally recognized principle that the statutory rate of interest (9%) should be applied following entry of the judgment of foreclosure and sale." See ECF No. 37.

On May 29, 2014, Judge Garaufis referred the parties' dispute over the applicable interest rate to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, plaintiff should be directed to file an updated proposed Judgment of Foreclosure and Sale incorporating the amount of interest due at the default rate of 24% as of the date of filing.[1]

**DISCUSSION**

As set forth in the December 20, 2013 Report and Recommendation, plaintiff loaned defendant $184,000 pursuant to the terms of a Secured Promissory Note (the "Note") and a Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage"), both executed on June 10, 2008. See Rep. and Rec. at 2 (ECF No. 27). The terms of the Note require defendant to make monthly payments to plaintiff on the first day of each month, beginning on August 1, 2008, and defines an Event of Default as including "[t]he failure to make any payment as and when required under this Note." Id. Defendant does not dispute that his failure to make the scheduled payments constitutes an Event of Default and did not oppose plaintiff's motion for summary judgment on this ground. See ECF No. 26 ("Please be advised that the defendant, Alan M. McLaughlin, will not oppose plaintiff's motion for summary judgment.").

---

[1] Plaintiff submitted a proposed Judgment of Foreclosure and Sale on March 27, 2014. See ECF 35-1. In addition to setting forth the amounts due as of that date, the proposed Judgment of Foreclosure and Sale provides that "Defendants New York Environmental Control Board, Robert Hopkins and Adella Hopkins are in default and as such, default judgment is entered against them foreclosing their interest in the Mortgaged Premises." Id. at 2. Plaintiff has not filed a motion for default judgment against these defendants in accordance with Rule 55 of the Federal Rules of Civil Procedure, nor has the Clerk of Court entered default against these parties. Accordingly, plaintiff shall take the appropriate steps regarding these defendants before refiling its updated proposed Judgment of Foreclosure and Sale.

Section 4.4 of the Note addresses the interest rate applicable when an Event of Default occurs:

> From and after the occurrence of an Event of Default . . . interest shall accrue on the outstanding Principal Sum at a rate equal to twenty-four percent (24%) per annum (the "Default Rate"). The Default Rate shall remain in effect until any and all Events of Default shall have been cured. In addition, the Default Rate shall remain in effect during any period of default even upon the acceleration of the indebtedness evidenced by this Note. . . . Upon acceleration . . . the Default Rate shall remain in effect until all sums due under this Note . . . have been paid in full. . . . Interest shall continue to accrue at the Default Rate (*including following the entry of a judgment in favor or [sic] Holder*) until payment full [*sic*] of all sums due under this Note, the Mortgage or any of the Loan Documents.

See Note § 4.4 (ECF No. 1) (emphasis supplied). Plaintiff asserts that this language demonstrates that "the parties have clearly and unambiguously agreed that interest would continue to accrue at the Default Rate of 24% even after the entry of a judgment of foreclosure and sale." ECF No. 37.

While defendant does not dispute that the contractual Default Rate applied from the time he defaulted on the Note "until summary judgment was granted," he asserts that New York law requires the Court to apply the statutory interest rate of 9% from that point forward "pursuant to CPLR § 5004 and 5011." See ECF No. 36. Alternatively, defendant contends "that the statutory rate of interest goes into effect when the mortgage is merged into the judgment of foreclosure and sale." Id. In effect, defendant argues that the post-judgment interest rate is set not by the parties' agreement, but by New York law, and should apply either from the date summary judgment was granted or from the date the Court orders the proposed Judgment of Foreclosure and Sale.

New York courts considering this issue have routinely rejected defendant's argument, holding that "where there is a clear, unambiguous, and unequivocal expression to pay an interest rate higher than the statutory interest rate until the judgment is satisfied, the contractual interest rate is the proper rate to be applied." Retirement Accounts, Inc. v. Pacst Realty, LLC, 49 A.D.3d 846, 847 (2d Dep't 2008); compare id. with IRB-Brazil Resseguros, S.A. v. Inepar Investments, S.A., 83 A.D.3d 573, 575 (1st Dep't 2011) ("Since the guarantee does not contain a clear, unambiguous and unequivocal expression that interest will be paid at the rate higher than the statutory rate until the judgment is satisfied, the statutory rate of interest will be applied."); Banque Nationale de Paris v. 1567 Broadway Ownership Associates, 248 A.D.2d 154, 154 (1st Dep't 1998) (reversing award of postjudgment interest at contractual default rate of 24% and substituting statutory interest rate of 9%, where "the loan documents do not constitute a clear, unambiguous and unequivocal expression that defendant agreed to pay the default rate until the judgment was satisfied, and the judgment of foreclosure provided only that the default rate was to be applied from default . . . without specifying that such rate was to survive entry of the judgment, no reason exists to depart from the rule that the statutory rate applies once a judgment is entered."); see also NML Capital v. Republic of Argentina, 952 N.E.2d 482, 489 (N.Y. 2011) ("[I]nclusion of a clause directing that interest accrues at a particular rate 'until the principal is paid' (or words to that effect) alters the general rule that interest on principal is calculated pursuant to New York's statutory interest rate after the loan matures or the debtor defaults.").

Although defendant is correct that, in the absence of an agreement providing otherwise, "[u]nder New York law, contract language stating that a particular interest rate will accrue on a debt until the date of payment is interpreted as applying to the debt itself, and not to any judgment into which the debt is merged," Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96,

102 (2d Cir. 2004), parties to a contract may "override the general rule on merger and specify a post-judgment interest rate [by] express[ing] such intent through clear, unambiguous and unequivocal language." Id. (citing Banque Nationale de Paris, 248 A.D.2d at 154). The parties' contract expressed this intent here: the terms of the Note governing the parties' contractual obligations and entitlements clearly and unambiguously provide that the Default Rate of 24% applies from the time of a default until payment in full of the amounts due under the Note, "including following the entry of a judgment in favor of" plaintiff. See Note § 4.4 ("Interest shall continue to accrue at the Default Rate (*including following the entry of a judgment in favor or [sic] Holder*) until payment full [*sic*] of all sums due under this Note" (emphasis supplied)); see also Retirement Accounts, Inc., 49 A.D.3d at 847 ("[T]he mortgage note and agreement clearly, unambiguously and unequivocally expressed that, in the event of default, the agreed-upon rate of interest, 24%, was to govern over the statutory rate of interest from that time through the entry of judgment up until actual satisfaction."); c.f. Valley Nat'l Bank v. Oxygen Unlimited, LLC, No. 10 Civ. 5815, 2010 WL 5422508, at *4 (S.D.N.Y. Dec. 23, 2010) (noting that "[p]arties can agree upon a specific post-judgment interest rate," but declining to apply 24% contractual rate where note "does not clearly, unambiguously and unequivocally express an intent that defendant agreed to pay the default rate until the judgment was satisfied").

It is axiomatic that "when parties have set down their agreement in a clear, complete document, their writing should be enforced according to its terms." Vermont Teddy Bear Co. v. 538 Madison Realty Co., 807 N.E.2d 876, 1 N.Y.2d 470, 475 (N.Y. 2004). Because the parties here unambiguously provided that interest would continue to accrue at the default rate of 24% until the amounts due under the Note were paid in full, even after judgment was entered in favor of plaintiff, the statutory rate of interest is inapplicable here.

**CONCLUSION**

Accordingly, I respectfully recommend that the Court direct plaintiff to file an updated proposed Judgment of Foreclosure and Sale incorporating the amount of interest due at the default rate of 24% as of the date of filing.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 30, 2014
Brooklyn, New York